## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DOUGLAS KORNACKI, | ) | CIVIL ACTION NO. 9:15-2244-RMG-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| WARDEN LINDA THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This action was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner serving his sentence at the Federal Correctional Institution (FCI) located in Edgefield, South Carolina, seeks an order instructing the Bureau of Prisons to Cease and Desist collecting funds from his inmate account for payment of Restitution and to list Petitioner as "EXEMPT or "NO OBLIGATION" from further restitution payments until his release. See Memorandum of Law in Support of his Petition, p. 19.

The Respondent filed a Response in Opposition to the Petition and a Motion to Dismiss on October 7, 2015[1]. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on October 8, 2015, advising Petitioner of the importance of a dispositive motion and

---

[1]Even though Respondent initially filed a motion to dismiss, as both parties have submitted numerous exhibits to the Court in support of, and opposition to, Respondent's motion (Petitioner did not attach additional exhibits, but refers to exhibits that he and the Respondent filed earlier), the undersigned has considered the motion under the standard of a Rule 56 motion for summary judgment. Young v. F.D.I.C., 103 F.3d 1180, 1192 (4th Cir. 1997). The *Roseboro* order entered in this case on October 8, 2015 outlined the summary judgment standard.



of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to provide an adequate response, his Petition could be dismissed. However, despite these warnings and Petitioner receiving two extensions of time to respond, Petitioner did not file a response in opposition, and a Report and Recommendation was therefore entered recommending the action be dismissed for failure to prosecute.

On February 3, 2016, after receiving a request from the Petitioner for additional time to respond due to his transfer between institutions and a letter from the manager of the prison that Petitioner's personal property had not arrived, the Court granted Petitioner another extension of time to file a memorandum in opposition. Petitioner then filed his memorandum in opposition on March 11, 2016. This matter is now before the Court for disposition.[2]

**Background**

On February 8, 2007, Petitioner was sentenced to a 420-month term of incarceration with a five-year term of supervised release by the United States District Court for the Eastern District of Michigan, following his conviction for Use and Discharge of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting in violation of 18 U.S.C. §§ 924(c) and 2. See Respondent's Exhibit 2. Petitioner was also ordered to pay a $200 felony assessment and $7,395.00 for restitution, jointly and severally with his co-defendant, who was his wife. See Respondent's Exhibit 4. Petitioner did not appeal the sentencing Court's order with respect to restitution. See Respondent' Exhibit 5.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion to dismiss, which is being considered as a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Petitioner raises the following issues in this Petition:

**Ground One**: "Federal Bureau of Prisons does not have the authority to act as a collection agency for the District Court once the petitioner did not have the financial resources to make immediate payment . . . Accordingly, because the sentencing court in [Petitioner's] case failed to set forth a proper payment schedule in the restitution order, that order is unlawful, and the BOP, therefore lacks the authority to collect restitution payments from [Petitioner], through the IFRP."

**Ground Two:** "The district court's written Judgement and Conviction identified only the amount of the restitution to be paid and provided no statutory basis for the award. The district court did not specify as to the statute in imposing the restitution."

See Memorandum in Support of Petition, pp. 4, 9, 12.[3]

It is important to note that Petitioner *is not* requesting that his sentencing order be vacated as part of the relief sought in this petition.  While Petitioner does support one of his arguments with the statement that the restitution portion of his Judgment of Commitment is "unlawful," he is not seeking to have his judgment set aside.  As such, this Petition is similar to issue raised in Fontanez v. O'Brien, 807 F.3d 84 (4th Cir. 2015), where it was noted that:

> while a premise of [Petitioner's] argument is that the sentencing order is invalid, he does not seek to have that order set aside.  Instead, the claim on which he seeks relief is that the BOP's execution of the restitution portion of his sentence is unlawful.  It is well established that "attacks on the execution of a sentence are properly raised in a § 2241 petition."  In re Vial, 115 F.3d [1192] 1194, n. 5 [(4th Cir. 1997)]; see also United States v. Snow, 748 F.2d 928, 933-934 (4th Cir. 1984); McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010); United States v. Diggs, 578 F.3d 318, 319-320 (5th Cir. 2009); Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002).

Fontanez, 807 F.3d at 87.

---

[3]Petitioner also initially raised another allegation, that the BOP had incorrectly calculated the amount still owed by  the Petitioner [Petitioner's Exhibits 6a-6b to his Petition].  However, Respondent represents that the amount owed by Petitioner on his court ordered Restitution was $1,868.83 on July 9, 2015; see Wall Affidavit, ¶ 4; and Petitioner does not appear to be contesting the new balance as now represented by the Respondent.  See Petitioner's Response in Opposition to Summary Judgment, p. 5.  Therefore, this issue is now moot.

3



Therefore, since Petitioner's relief sought in this case relates to the manner in which the BOP is executing the restitution portion of the judgment, Petitioner can proceed with his claims as to the execution of his sentence in this § 2241 petition.

## I.

With regard to Ground One,[4] Petitioner challenges the BOP's authority to "act as a collection agency", since the sentencing court failed to set up a payment schedule after it was determined that Petitioner did not have the financial resources to make immediate payment. Petitioner is currently making restitution payments through the Inmate Financial Responsibility Program ("IFRP"). This Program has been described as follows:

> The [ ] ("IFRP") is a Bureau of Prisons ("BOP") program that enables prisoners to make scheduled payments from their inmate accounts toward court-ordered financial obligations. See 28 C.F.R. § 545.10-11. Prison staff assist inmates in developing financial plans, which are subject to periodic review. Id. [T]he IFRP is voluntary; the BOP cannot compel an inmate to make payments. See United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010). But inmates with financial obligations who refuse to participate in the IFRP may no longer be eligible for many privileges, including more desirable housing and work outside the prison. 28 C.F.R. § 545.11(d).

Fontanez, 807 F.3d at 85.

Petitioner confirms that he "has never argued his participation in the Inmate Financial Responsibility Program (IFRP) nor, the Constitutionality of this program. The Petitioner agrees with the program to collect fines and restitutions, as long as the court states a 'Detailed Payment' schedule." See Memorandum in Opposition, p. 7. However, Petitioner argues that the lack of a "detailed payment schedule" in his case entitles him to relief from being required to make payments

---

[4]While Respondent argues that Petitioner has not properly exhausted his administrative remedies as to Ground Two, Respondent does not contest that Ground One is exhausted. Therefore, Ground One is discussed on the merits. See also, discussion, Section II, infra.



through the IFRP. Respondent argues that Petitioner's claim is without merit, and the undersigned agrees.

The Petitioner currently makes "monthly payments of at least 50% of his pay he receives from his prison job with UNICOR. Such payments are calculated in accordance with Program Statement 5380, <u>Inmate Financial Responsibility Program</u>." <u>See</u> Wall Declaration, p. 1; <u>see also</u> Program Statement [Court Docket No. 10-10, p. 8]; Respondent's Exhibit 9. The Sentencing Judge in Petitioner's case ordered the lump sum payment "due immediately", and under the Schedule of Payments stated, "while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance." <u>See</u> Court Docket No. 10-4, p. 3 (p. 6 of Petitioner's Judgment). While Petitioner challenges the BOP's authority to require him to make payments through the IFRP, as noted the IFRP is voluntary and Petitioner is not required to participate in that program. <u>Fontanez v. O'Brien</u>, 807 F.3d at 87 [discussing the narrowing of the issue when BOP agreed that participation in the IFRP is voluntary]; <u>DeSimone v. United States</u>, No. 12-239, 2015 WL 6692115 at * 6 [Where Petitioner argued that the court erred by ordering him to make unspecified payments through the IFRP, the court disagreed and held that '[p]articipation in the Inmate Financial Responsibility Program ("IFRP") does not establish a violation of *Miller*.[5]' . . . The IFRP may properly be used to collect restitution or other debts."]; <u>see also</u> <u>United States v. Caudle</u>, 261 F. App'x. 501 (4th Cir. 2008):

> [Petitioner's] first claim is that the district court erred by delegating authority to the
> Bureau of Prisons ("BOP") to set the timing and payment amount of his criminal

---

[5]<u>United States v. Miller</u>, 77 F.3d 71, 77-78 (4th Cir.1996) [Holding that the District Court should retain ultimate authority over amount and timing of payments].



monetary penalties through the Inmate Financial Responsibility Program ("IFRP"). A district court may not delegate its authority to set the amount and timing of restitution to the BOP or a probation officer, without retaining ultimate authority over such decisions. United States v. Miller, 77 F.3d 71, 77-78 (4th Cir.1996). "[T]he statutory duty imposed upon district courts to fix the terms of a fine must be read as exclusive because the imposition of a sentence, including the terms of probation or supervised release, is a core judicial function." Id. at 78; see also 18 U.S.C. § 3572(d). In this case, the district court did set the amount and timing of the criminal monetary penalties by ordering payment due immediately. Furthermore, participation in the IFRP does not violate Miller.  See  Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir.2002) (holding that BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court-imposed fine) (citing *McGhee v. Clark,* 166 F.3d 884, 886 (7th Cir.1999), and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir.1998)). Therefore, [Petitioner's] claim is without merit.

United States v. Caudle, 261 F. App'x at 503-504.

In this case, where the Sentencing Court ordered immediate payment, Petitioner has failed to show any violation by the use of the IFRP. See Reynolds v. Neal, No. 07-1724, 2008 WL 2048700 at * 5 (D.S.C. May 12, 2008)["where . . . a district court imposes a fine and elects not to establish a schedule of payment, but instead makes payment of the fine due immediately, the court delegates none of its functions or powers and the BOP has the authority to administer collection through the IFRP"]; McGhee, 166 F.3d at 886; Brinson v. Rivera, No. 12-2075, 2012 WL 4589002 at ** 2-3 (D.S.C. Sep. 11, 2012), adopted by, 2012 WL 4593078 (D.S.C. Oct. 1, 2012), aff'd, 514 Fed.Appx. 343 (4th Cir. Mar. 15, 2013); Ware v. Drew, No. 10-864, 2010 WL 4237595 at **1-2 (D.S.C. Sept. 16, 2010), adopted by, 2010 WL 4237449 (D.S.C. Oct. 21, 2010); Bellamy v. Butler, No. 3-32486, 2015 WL 917762 at ** 2-3 (S.D.W.Va. Mar. 3, 2015); Mallard v. Collins, No. 14-13094, 2015 WL  400579 at * 6 (S.D.W.Va. Jan. 28, 2015); United States v. Williams, No. 09-353, 2014 WL 7005255 at ** 1-2 (E.D.N.C. Dec. 10, 2014).

Therefore, Ground One of the Petition is without merit and should be dismissed.

6



## II.

In Ground Two, Petitioner contends that "[t]he district court's written Judgement and Conviction identified only the amount of the restitution to be paid and provided no statutory basis for the award. The district court did not specify as to the statute in imposing the restitution." Specifically, Petitioner complains that the sentencing court did not specify if the restitution was due under the Mandatory Victims Restitution Act of 1996 (MVRA) or the Victim Witness Protection Act of 1988 (VWPA).

Respondent notes that Petitioner has not exhausted Ground Two of his Petition, pointing out that Petitioner never appealed the sentencing court's Restitution Order on the basis that it did not specify whether it was under the MVRA or VWPA. Petitioner argues that his Petition should be considered fully exhausted because the Prison Litigation Reform Act's (PLRA) exhaustion requirement does not apply to § 2241 habeas petitions, and also because any further attempt to exhaust would be futile. However, it is clear in the law that Petitioner was required to exhaust his administrative remedies prior to filing a federal § 2241 petition. Warren v. United States, No. 10-1245, 2011 WL 4435671 at * 2 (D.S.C. June 29, 2011), adopted by, 2011 WL 4435655 (D.S.C. Sept. 23, 2011)["It is well settled that a federal prisoner is required to exhaust his administrative remedies with BOP before filing an action pursuant to § 2241."](quoting Henderson v. Warden, Edgefield Satellite Prison Camp, No. 09-1599, 2009 WL 3317149 at * 2 (D.S.C. Oct. 14, 2009)(citing Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999)); Moore v. Hamidullah, No. 06-1881, 2006 WL 4540504 at * 3 (D.S.C. July 18, 2006)[same], adopted by, 2007 WL 1462208 (D.S.C. May 16, 2007). Therefore, Petitioner can only assert this claim in this Court after he has exhausted his administrative remedies. See 28 C.F.R. §§ 542.10 through 542.16.

7



A review of the documents submitted by the parties clearly indicates that Petitioner did not raise this issue in his administrative proceedings. See Petitioner's Attachments to his Petition, Exhibits 2b, 3a-c, 4a-c. Indeed, Petitioner does not even contend that he did so. Further, while Petitioner argues that exhaustion would be futile because his earlier administrative claim (relating to Ground One, supra) was denied, this argument does not provide him with a basis to avoid exhaustion on his current claim. Therefore, Ground Two should be dismissed, without prejudice, for failure to exhaust.[6]

### Conclusion

Based on the foregoing, it is recommended that Respondent's motion for summary judgment as to Ground One be **granted**, and that this claim be **dismissed, with prejudice**, Respondent's motion as to Ground Two should also be **granted**, with this claim being **dismissed, without prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
May 25, 2016                                         Bristow Marchant
Charleston, South Carolina                   United States Magistrate Judge

---

[6]Notwithstanding this recommendation, the undersigned is constrained to note that even if Petitioner exhausts this issue and then raises it in a future § 2241 petition, Petitioner may face procedural bar arguments due to his failure to challenge the order of restitution on direct appeal. DeSimone, 2015 WL 6692115 at * 6 (W.D.N.C. Nov. 3, 2015)(citing Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Morgan, No. 97-02, 2006 WL 2460867 at * 1 (W.D.N.C. Aug. 23, 2006)[denying a petition to vacate an order of restitution and noting that the defendant had not directly appealed the issue].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9

